

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-22-00328-CR

JOHNNY JOE ALBERT HERRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. B21480-2007, Honorable Danah L. Zirpoli, Presiding

August 10, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

On May 5, 2021, Johnny Joe Albert Herrera, Appellant, pleaded guilty to the offense of assault on a family or household member.[1] Because Appellant had been previously convicted for an offense of assault against a family or household member, the alleged offense was enhanced to a third-degree felony.[2] In accordance with a plea

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a).

[2] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A).

bargain accepted by the trial court, Appellant was sentenced to eight years' incarceration and a $3,000 fine, with the incarceration portion of the sentence probated and Appellant placed on community supervision for a period of six years. In March of 2022, the State filed a motion to revoke community supervision, alleging that Appellant had violated multiple terms and conditions of his community supervision.

At a hearing on the motion in October of 2022, Appellant entered a plea of "true" to all of the State's allegations. The trial court admonished Appellant and accepted his plea. The court then heard evidence. At the close of the hearing, the trial court revoked Appellant's community supervision and imposed the original punishment of eight years' incarceration and $3,000 fine. Appellant timely filed his appeal. In presenting this appeal, counsel for Appellant has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the *Anders* brief and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[4]

Judy C. Parker
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.